UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAURIE HEUSS,

                Plaintiff,

                                            Case No. 20-cv-0843-bhl

   v.

CALIBER HOME LOANS INC., et al.,

                Defendants.

## DECISION AND ORDER

      This is one of a number of lawsuits, filed by the same counsel, alleging breaches of a duty to report credit information accurately under the Fair Credit Reporting Act (FCRA). In one of those similar actions, *Weeks v. Credit One Bank, et. al*, No. 20-cv-836, this Court held that the plaintiff failed to allege an injury in fact for Article III standing purposes and dismissed the case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Weeks v. Credit One Bank*, No. 20-cv-836 (E.D. Wis. March 29, 2021). For the same reasons stated in the *Weeks* decision, this lawsuit must be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

      Plaintiff filed this action on June 4, 2020, alleging that ten defendants breached their "duty to correct and report accurate credit information to Credit Reporting Agencies" in violation of the FCRA. The initial complaint was extremely sparse on details. Plaintiff simply recited the elements of an FCRA claim and alleged that defendants willfully breached duties to investigate and/or failed to report accurate credit information, without describing the alleged breaches. Based on these "threadbare recitals," the Court concluded at an October 30, 2020 status conference that Plaintiff had failed to state a plausible claim. The Court granted Plaintiff leave to replead and in a minute order flagged missing pieces of information that, if added by amendment, would help make the claims understandable and "plausible." (ECF No. 81.)

On November 13, 2020, Plaintiff filed an amended complaint. Plaintiff added none of the missing information suggested in the Court's minute order. In fact, the main change from Plaintiff's earlier pleading was the deletion of several defendants – by this point, Plaintiff had resolved or dismissed the claims against all defendants except Caliber Home Loans, Inc., Pennsylvania Higher Education Assistance Agency (incorrectly named "FedLoan Servicing"), Franklin Collection Service, Inc., Transworld Systems Inc, and Capital One Financial Corporation. With respect to these remaining defendants, the amended complaint repeated Plaintiff's earlier allegations, while adding the following language:

> A. Caliber Home Loans Continued Inaccurate Reporting on Account 970243****** in the following ways:
> - i. Experian:
>   - Date Opened:        06/01/2016
>   - Date Last Active:   08/01/2019
> - ii. TransUnion:
>   - Date Opened:        06/10/2016
>   - Date Last Active:   08/31/2019
>
> B. First Premiere Bank Continued Inaccurate Reporting on Account 5177****** in the following ways:
> - i. Experian:
>   - Date Opened         06/01/2018
>   - Date Last Active:   10/01/2019
> - ii. TransUnion:
>   - Date Opened:        06/20/2016
>   - Date Last Active:   10/03/2019
>
> C. Fed Loan Servicing Continued Inaccurate Reporting on Account 4819****** in the following ways:
> - i. Experian:
>   - Date Last Active:    05/01/2019
> - ii. Equifax:
>   - No. of Months (terms):  0
>   - Monthly payment;        $0.00
>   - Date Last Active:       08/01/2019
>   - Date of Last Payment:   08/01/2019
> - iii. TransUnion:
>   - Date Opened:        03/15/2010, 05/05/2009, 08/30/2011, 07/22/2008, 2/10/2011, 12/15/2011,

                              07/17/2014, 07/17/2012, 7/10/2015,
                              10/23/2008,
- Date Last Active: 08/31/2019,
- Balance: $10,693.00

D. Franklin Collection Service, Inc. Continued Inaccurate Reporting on Account 1033****** in the following ways:
    i. Experian:
- Date Opened: 07/01/2019
- Date Last Active: 09/01/2019

    ii. TransUnion:
- Date Opened: 07/02/2019
- Date Last Active: 10/03/2019

E. Transworld Systems Inc.. Continued Inaccurate Reporting on Account 4819****** in the following ways:
    i. Experian:
- Date Last Active: 03/01/2019

    ii. Equifax:
- Date Last Active: 08/01/2019

    iii. TransUnion:
- Date Opened: 02/14/2019
- Date Last Active: 08/27/2019

E. Capital One Financial Corp Continued Inaccurate Reporting on Account 4819****** in the following ways:
    i. Experian:
- High Credit: $0.00
- Date Last Active: 5/01/2019

    ii. Equifax:
- Account Status: Derogatory
- High Credit: $130.00
- Credit Limit: $0.00
- Date Last Active: 06/01/2019
- Date of Last Payment: 06/01/2016

    iii. TransUnion:
- Date Opened: 09/13/2020
- High Credit: $319.00
- Date Last Active: 04/12/2016

(ECF No. 84 at ¶28.) This rather cryptic information was the entirety of the detail provided concerning the defendants' allegedly improper conduct. The remaining defendants either moved

to dismiss for failure to state a claim or answered the amended complaint and asserted affirmative defenses, including that Plaintiff had not suffered an actual injury and therefore lacked standing to pursue her claims. (ECF Nos. 86, 87, 94, 96, 98, 101.)

The Court set a second status conference in this case for February 12, 2021. In setting the conference, the Court directed Plaintiff's counsel to file a brief on the standing issue prior to the hearing. (ECF No. 109.) Counsel did not comply with the Court's order. At the hearing, counsel explained that a death in his co-counsel's family had caused both lawyers to overlook the Court's direction and asked for leave to file a brief after the hearing. Given the extenuating circumstances, the Court granted the request, while also allowing the defendants the chance to file response briefs. The Court's minute order cited the Supreme Court's *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), decision along with five Seventh Circuit decisions describing the standing requirements for consumer protection statutes, including the FCRA. (ECF No. 111.)

The Court held similar status conferences in three other FCRA on February 12, 2021. *Weeks v. Credit One Bank, et. al*, No. 20-cv-836-bhl; *Butler v. 1st Franklin Fin. Corp., et al.*, 20-cv-842-bhl; *Herron v. Credit One Bank, et al*., 20-cv-844-bhl. During the status conference in *Weeks v. Credit One Bank, et. al*, the Court questioned Plaintiff's counsel in detail about the methodology he used in preparing the complaint and in pursuing his client's claims. It was only with the benefit of counsel's responses to these questions that the gist of Plaintiff's claims finally became evident. Over the course of the four status hearings, counsel confirmed that he followed the same approach in all four cases.

## DISCUSSION

**1. Plaintiff Lacks Article III Standing to Pursue the Claims Alleged.**

As more fully explained in *Weeks v. Credit One Bank, et al.*, No. 20-cv-836, for this Court to have subject matter jurisdiction, Plaintiff must have the requisite standing to sue under Article III of the Constitution. *Spokeo*, 136 S. Ct. at 1547-48. Plaintiff alleges the defendants violated 15 U.S.C. §1681s-2(b) by failing to investigate or correct inaccurate credit information on Plaintiff's credit reports. With respect to injury, Plaintiff alleges the inaccurate information was "harmful," but Plaintiff does not allege or describe any particularized or concrete harm caused by the purportedly inaccurate information. Plaintiff's allegations that the defendants committed only bare procedural violations, divorced from any concrete harm, however, do not

satisfy the injury-in-fact requirement of Article III, s*ee Spokeo*, 136 S. Ct. at 1549, and the case must be dismissed. *Weeks v. Credit One Bank*, No. 20-cv-836 (E.D. Wis. March 29, 2021).

The dismissal of the case for lack of jurisdiction, in turn, necessitates denying the defendants' motions to dismiss, with prejudice, for failure to state a claim. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) ("A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render.").

### 2. Counsel Must Show Cause for Continuing this Lawsuit.

The lack of subject matter jurisdiction does not leave the Court without authority to address counsel's problematic behavior in filing and continuing this lawsuit. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990). In this case (and others), counsel filed a cookie cutter complaint, alleging the very same counts, with minimal factual allegations specific to each named defendant. Even after the Court pointed out the deficiencies in Plaintiff's initial complaint and allowed her the chance to replead, Plaintiff filed an amended complaint that again included only the barest of factual allegations regarding the defendants' conduct and no allegations regarding the Plaintiff's *actual* injury. Defendants and the Court received no fair notice of the substance of Plaintiff's complaint until Plaintiff supplemented the record with the Credit Analyzer Report in *Weeks v. Credit One Bank, et al.*, No. 20-cv-836, and was questioned by the Court. That questioning laid bare serious questions about the viability of Plaintiff's claims and counsel's effort to keep the lawsuit alive, while continuing to negotiate settlements with other defendants. While Plaintiff's counsel should have known by this point that the allegations were insufficient to survive jurisdictional scrutiny, he pressed forward.

Counsel's description of his pre-lawsuit conduct also raises questions about whether this litigation was filed for a proper purpose. The record suggests counsel was not trying to remedy a legitimate client problem but was instead interested in setting up defendants for "technical" violations of a consumer protection statute in order to obtain attorney's fees. Counsel chose to send opaque, non-specific complaint letters to the credit reporting agencies and declined to forward even those vague letters to the defendants. If counsel was concerned about remedying the accuracy of his client's credit reports, providing prompt and proper notice to both the credit agencies and the defendants would have made sense. Of course, if counsel was concerned about ginning up an FCRA lawsuit to coerce settlements or secure fees, on the other hand, it made

perfect sense to use a non-specific complaint letter and to delay the forwarding of that letter to defendants, who would have less time to address any potential issues and would be more likely to exceed the FCRA's tight 30-day time limit for a response.

Given all of these issues, Plaintiff's counsel is ordered to show cause in writing, by filing a brief within 14 days, explaining why the Court should not enter a sanction, including awarding the defendants their reasonable attorneys' fees under Fed. R. Civ. P. 11. The defendants may file response briefs within 14 days of service of Plaintiff's brief, detailing whether defendants believe sanctions are appropriate and, if so, what an appropriate sanction might be.

## CONCLUSION

For these reasons, as well as those stated in *Weeks v. Credit One Bank*, No. 20-cv-836 (E.D. Wis. March 29, 2021), this lawsuit must be dismissed for lack of subject matter jurisdiction. Likewise, Plaintiff's counsel is ordered to show cause in writing by filing a brief within 14 days explaining why the Court should not enter a sanction, including awarding defendants their reasonable attorneys' fees, under Fed. R. Civ. P. 11. The defendants may file a Response Brief within 14 days of service of Plaintiff's brief, detailing whether defendants believe sanctions are appropriate.

Accordingly, IT IS ORDERED that the case is DISMISSED under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Motions to Dismiss, with prejudice, for Failure to State a Claim, filed by Caliber Homes Loans, Inc., Pennsylvania Higher Education Assistance Agency (incorrectly named "FedLoan Servicing"), and Capital One Financial Corporation (ECF Nos. 86, 87, 96), are DENIED.

IT IS FURTHER ORDERED that on or before **April 12, 2021**, Plaintiff's counsel shall show cause by filing a brief explaining why the Court should not enter a sanction, including awarding defendants their reasonable attorneys' fees, under Fed. R. Civ. P. 11. Defendants may file a Response Brief within 14 days of service of Plaintiff's brief.

Dated at Milwaukee, Wisconsin this 29th day of March, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge